{¶ 1} I respectfully dissent from the majority opinion. While I do not take issue with the majority's recitation of the law surrounding the admission of medical expert testimony, the application of that law by the majority and the trial court produces a result contrary to justice.
 {¶ 2} First, I am not persuaded that this court's McKinney
decision supports the result reached by the majority in the present matter. In McKinney, the physician whose testimony was excluded had no training or experience in emergency room care. In the present matter, Dr. Markowitz was trained as an emergency room physician and works with emergency room physicians diagnosing chest pains on a weekly, if not daily, basis. It is my opinion that this is sufficient evidence that Dr. Markowitz possesses the specialized training and experience necessary to testify as to the standard of care required of an emergency room physician.
 {¶ 3} As quoted by the majority, "the test of admissibility is whether a particular witness offered as an expert will aid the trier of fact in the search of the truth, not whether the expert witness is the best witness on the subject." Miller, 56 Ohio St.2d 447, 453. The individual offered as an expert need not have complete knowledge of the field in question, as long as the knowledge he does possess will aid the trier of fact. See id. Consequently, any doubts that the trial court held as to Dr. Markowitz's ability to accurately testify regarding the appropriate standard of care relates to the weight his testimony is due, not to its admissibility. See Franks v. Lopez (1997), 121 Ohio App.3d 523.
 {¶ 4} I am equally troubled by the tactics permitted to be employed in this case. Waiting until mid-trial to challenge the expert's knowledge of the appropriate standard of care left appellant with no recourse once the testimony was excluded. Without this expert testimony, appellant failed to sustain her burden as a matter of law, resulting in a directed verdict in favor of appellees. Although not procedurally required, a challenge to such expert testimony is better suited to a pretrial motion. Raising the issue pretrial would provide an opportunity to the parties to locate a different expert witness if required. This would result in a fair and just opportunity to present the respective parties' cases to the court or jury.
 {¶ 5} While the trial court had discretion to rule on the evidentiary question, I feel that it failed to appropriately consider the consequence of its ruling. In an instance such as this, where there is evidence tending to support both permitting and excluding the expert testimony, and the exclusion of the testimony bars the plaintiff from proceeding further, I would conclude that the trial court's decision excluding the testimony is both arbitrary and unreasonable. I would thus reverse the decision of the trial court as an abuse of discretion.